14-3885-cv
*Brautigam v. Rubin, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fifteen.

PRESENT: José A. Cabranes,
Rosemary S. Pooler,
*Circuit Judges*,
Paul G. Gardephe,
*District Judge.*[*]

---

Michael G. Brautigam,

*Plaintiff-Appellant*,

v.                                                                  No. 14-3885-cv

Robert E. Rubin, C. Michael Armstrong, John M. Deutch, Anne M. Mulcahy, Vikram Pandit, Alain J.P. Belda, Jerry A. Grundhofer, Robert L. Joss, Andrew N. Liveris, Michael E. O'Neill, Richard D. Parsons, Lawrence R. Ricciardi, Judith Rodin, Robert L. Ryan, Anthony M. Santomero, Diana L. Taylor, William S. Thompson, Jr., Ernesto Zedillo, Timothy C. Collins, Citigroup, Inc.,

*Defendants-Appellees*.

---

[*] The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:

WILL T. CROWDER, Emerson Poynter LLP, Little Rock, AR.

FOR DEFENDANTS-APPELLEES
ROBERT E. RUBIN and
VIKRAM PANDIT:

RICHARD A. ROSEN, (Brad S. Karp, Susanna M. Buergel, Jane B. O'Brien, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY.

FOR OTHER NAMED
DEFENDANTS-APPELLEES:

Mary Eaton & Sameer Advani, Willkie Farr & Gallagher LLP, New York, NY.

FOR NOMINAL DEFENDANT-
APPELLEE CITIGROUP:

Steven M. Bierman, Sidley Austin LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Michael G. Brautigam appeals from the District Court's September 25, 2014 judgment granting defendants-appellees' motion to dismiss Brautigam's derivative action, which was filed on behalf of nominal defendant Citigroup, Inc. ("Citigroup"), and against Citigroup's corporate directors. Brautigam, a Citigroup shareholder, originally filed suit on April 20, 2011, shortly after a subsidiary of Citigroup, Citibank, N.A. ("Citibank"), entered into a consent order with the Office of the Comptroller of the Currency ("OCC consent order") to resolve investigations into Citibank's mortgage servicing operations.[1] On March 29, 2013, the District Court dismissed the complaint with leave to amend. On September 19, 2013, Brautigam filed his Second Amended Complaint ("SAC"), alleging that Citigroup's corporate directors breached their duty of loyalty in two ways: (1) by failing to issue a supplemental proxy describing the terms of the OCC consent order; and (2) by permitting Citibank—through the implementation of inadequate internal controls—to engage in unlawful foreclosure practices in its mortgage-servicing business.

On September 25, 2014, the District Court granted defendants' motion to dismiss the SAC, on the ground that Brautigam had failed to plead—as required for derivative actions under Delaware law—that it was futile for him to demand that the Board of Directors file this lawsuit.

As we recently held, a district court's decision to dismiss a complaint pursuant to Federal Rule of Civil Procedure 23.1 for failure to allege facts sufficient to excuse demand is reviewed *de*

---

[1] Mortgage servicing consists of collecting mortgage payments from mortgagors and distributing the proceeds. *See* SPA 3.

*novo. See Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, --- F. 3d ---, No. 14-1754, 2015 WL 4747068, at *6 (2d Cir. Aug. 12, 2015) ("Accordingly, we discard the deferential standard articulated by *Kaster*, *Lewis*, and *Elfenbein*, and hold that dismissals under Rule 23.1 are reviewed *de novo*.").

Upon our *de novo* review, we agree with the District Court's well-reasoned opinion and order granting defendants' motion to dismiss.

Both sides agree that Delaware law governs whether the SAC adequately pleaded a derivative complaint. Under Delaware law, the "decision whether to initiate or pursue a lawsuit on behalf of the corporation is generally within the power and responsibility of the board of directors." *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 120 (Del. Ch. 2009).

> Accordingly, in order to cause the corporation to pursue litigation, a shareholder must either (1) make a pre-suit demand by presenting the allegations to the corporation's directors, requesting that they bring suit, and showing that they wrongfully refused to do so, or (2) plead facts showing that demand upon the board would have been futile.

*Id.* Where, as here, a plaintiff does not make a pre-suit demand on the board of directors, "the complaint must plead with particularity facts showing that a demand on the board would have been futile." *Id.*

To show demand futility, plaintiffs must provide particularized factual allegations that raise a reasonable doubt that (1) the directors are disinterested and independent; or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment. *See Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984). Where, however, plaintiffs complain of board inaction and do not challenge a specific decision of the board, there is no "challenged transaction," and the ordinary *Aronson* analysis does not apply. *Rales v. Blasband*, 634 A.2d 927, 933-34 (Del. 1993). Instead, to show demand futility where the subject of the derivative suit is not a business decision of the board, a plaintiff must allege particularized facts that "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Id.* at 934.

Here, Brautigam concedes that he failed to make a demand on Citigroup's Board prior to filing his derivative lawsuit. He principally asserts, however, that demand would have been futile and that the directors would not have been able to disinterestedly respond to such a demand, because the violations of fiduciary duty alleged in the SAC would have subjected them to the risk of personal liability. However, "[d]emand is not excused solely because the directors would be deciding to sue themselves." *In re Citigroup*, 964 A.2d at 121; *see also Rales*, 634 A.2d at 936 ("the mere threat of personal liability" is insufficient to challenge the directors' disinterestedness). Rather, demand will be excused based on a possibility of personal director liability *only in the rare case* when a plaintiff is

able to show director conduct that is "so egregious on its face that board approval cannot meet the test of business judgment, and a substantial likelihood of director liability therefore exists." *Aronson*, 473 A.2d at 815.

We agree with the District Court that this is not a rare case where the alleged conduct by directors rose to such an egregious level. As to Brautigam's mortgage servicing claim, the District Court correctly held that the Board had put in place the requisite internal controls and procedures to monitor Citibank's operations. The District Court also properly found that none of the "red flags" alleged by Brautigam support an inference that the Board was aware of any wrongful conduct in Citibank's mortgage servicing operations. As to Brautigam's proxy disclosure claim, the District Court correctly concluded that the board was under no duty to disclose the OCC consent order before it was finalized, and that, because the consent order was public information before the shareholders meeting, the Board had no duty to disclose it to shareholders even after it was finalized.

In sum, because the SAC failed to allege particularized facts that would establish that a majority of these corporate directors were not able to exercise disinterested business judgment in evaluating a demand to sue, the requirement under Delaware law that Brautigam present the Board with a pre-suit demand to sue was not excused. Accordingly, Brautigam's derivative action was properly dismissed.

## **CONCLUSION**

We have considered all of the arguments raised by Brautigam on appeal and find them to be without merit. For the reasons stated above, the September 25, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4